November 7, 1910.

—o—

## 5076.

(Court of Appeal, Parish of Orleans.)

## HENRY J. LEDOUX vs. CITY BANK AND TRUST CO.

1. The codal maxims that no one is presumed to give and that no one should enrich himself at the expense of another are not always applicable, when a promoter sues a bank for the value of services rendered in bringing the corporation into existence.
2. The corporation is not bound for the engagements of its promoters, unless it has expressly or impliedly ratified them.
3. Where it is shown that the promoters did not expect compensation for their labors and that the plaintiff's purpose was to secure for himself a permanent position in the new venture, the corporation is not liable to him for the value of his services.

Appeal from the Civil District Court, Division "E."

Stafford, Lambert & Robinson, for plaintiff and appellant.

Dart & Kernan, for defendant and appellees.

DUFOUR, J.—The plaintiff sues to recover the value of services rendered him as a promoter and solicitor in the organization of the defendant bank.

He is met with the defense that no compensation was expected by the organizers and that, for all of his claims for compensation and reimbursement of expenses he agreed to accept a certain sum which was paid to him.

Objection is made that the second part of the answer is a plea of payment which waives the other defenses and admits the original obligation.

This is not true either technically or substantially; we find nothing more in that part of the answer than a suggestion of compromise which is not inconsistent with a denial of liability.

The codal maxims that no one is presumed to give and no one should enrich himself at the expense of another are invoked by the plaintiff, while the defendant urges, with authority to support his view, that promotion work is presumed to be voluntary and a corporation is not bound for the engagements of the promoters, unless it expressly or impliedly ratifies them.

In order to recover, the plaintiff must show that there was an interior intention, expressed or implied, to compensate him, and that the bank ratified the same.

It is not necessary to examine the evidence in detail, the mention of certain salient facts is sufficient.

That Ledoux was the originator of the scheme to organize the bank and that he rendered valuable services is not to be denied, but our conviction is that he devoted

his time and energy to the task with the view of securing, for himself a permanent position in the bank about to be organized, and not to attain compensation for his part in the work of organization.

Some of Ledoux's fellow promoters, who, like himself, labored arduously say that none of them, except the attorneys, expected or received compensation. One of them, Wunderlich, says that Ledoux told him: "No, I never expected anything in return for this * * * I would like for you boys to see if you can place me."

Others, among the promoters and the members of their temporary executive committee, are clear and forcible in their recollection that no compensation was expected and that Ledoux's sole ambition was to secure a permanent position in the bank.

A meeting of the executive committee of May 28th, before the bank opened, refused to recognize or pay his claim for services, he says his friends advised him not to press his claim, as he was connected with the bank. That bill was for $450, whereas the one in suit is for $900.

Not one word is found in the regularly kept minutes of the promoters executive committee upon which to rest a claim of any agreement to compensate.

Our conclusion is that the present suit is an afterthought which arose at the time when, for reasons not here involved, Ledoux was discharged from the lucrative position which he had filled since the opening of the bank.

Under the circumstances, we fail to see how the bank can be held liable.

Judgment affirmed.

Godchaux, J., not having heard the argument takes no part.